UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NIJYAL S. GRAY,

                     Plaintiff,                          Case No. 1:24-cv-204

v.                                                       Honorable Ray Kent

UNKNOWN GLENN et al.,

                     Defendants.

_____/

## ORDER OF TRANSFER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan, and the events giving rise to Plaintiff's action occurred at that facility. Plaintiff sues Corrections Officer Unknown Glenn, Shift Commander/Sergeant Unknown Costello, the Michigan Department of Corrections, Unknown Parties named as "Medical Staff, P.A., N.P., medical nurse," and Parole Violator Specialist and Corrections Officer Chad Brown.

In his *pro se* complaint, Plaintiff alleges that on the evening of February 4, 2024, as he left the chow hall and proceeded to the Medline, he was approached by Defendant Glenn, who pulled out his taser and pointed it at Plaintiff, aggressively asking Plaintiff what he was going to do. Plaintiff states that he had previously written a PREA grievance on Defendant Glenn and that there was an active investigation on that grievance, as well as on a grievance for harassment. Defendant Costello then cuffed Plaintiff up and took him to "the hole" for a "cool down." (ECF No. 1, PageID.3.)  Plaintiff remained there until around 11:00 p.m., when Defendant Brown informed Plaintiff that he was being sent to Duane Waters Hospital for an evaluation. (*Id.*) Defendant

Costello told Plaintiff that the purpose of this was so that Plaintiff could resolve his problem with Defendant Glenn. Plaintiff asserts that because of this action, his asthma became worse and that he has since been sent to the emergency room three times for breathing treatments. (*Id.*)

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events underlying the complaint occurred in Jackson County. Defendants are public officials serving in Jackson County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Jackson County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated:   April 25, 2024                              /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge